```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                              )
THOMAS P. SOBRAN,             )
                              )
               Plaintiff,     )
                              )         CIVIL ACTION
          v.                  )         NO. 14-13570-WGY
                              )
EDWARD W. MILLSTEIN,          )
MERRILL G. DAVIDOFF, RUSSELL D.)
HENKIN, THE LAW FIRM OF BERGER &)
MONTAGUE, P.C.,               )
PETER J. MCNULTY, THE MCNULTY LAW)
FIRM, KIRK D. TRESEMER, THE LAW)
FIRM OF IRWIN & BOESEN, P.C., )
RANDALL R. KELLY, AND         )
UNKNOWN ENTITIES 1-10,        )
                              )
               Defendants.    )
                              )
_____
```

YOUNG, D.J.                                        December 8, 2015

**ORDER**

This is an unseemly squabble between lawyers over the division of the spoils from the settlement of a large class action against Volkswagen, see In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4 (1st Cir. 2012) (analyzing the settlement agreement's provision of attorneys' fees).

In moving to dismiss the Plaintiff's complaint, the Defendants argue that public policy bars claims by one attorney against another in order to preserve an attorney's undivided loyalty to his or her client, citing Bartle v. Berry, 80 Mass.

[1]

App. Ct. 372 (2011).  See Mem. Law Supp. Mot. Defs. Dismiss Second Am. Compl., ECF No. 82-1; Supp. Mem. Law Supp. Mot. Dismiss Second Am. Compl., ECF No. 94.  Bartle, however, does not sweep so broadly.

Bartle did note that several jurisdictions "have adopted a bright-line rule prohibiting lawsuits between co-counsel over the loss of prospective fees."  Bartle, 80 Mass. App. Ct. at 379 (collecting cases).  Bartle did not adopt that rule, however, instead reiterating the traditional Massachusetts rule that courts must not impose a duty of reasonable care on an attorney vis-à-vis co-counsel "if such an independent duty would potentially conflict with the duty the attorney owes to his or her client."  Id. (citing Lamare v. Basbanes, 418 Mass. 274, 276 (1994)).  It also suggested that there was no "direct duty of care between co[-]counsel."  Id. at 379 (internal footnote omitted).

This Court agrees that the Defendants do not owe Sobran any sort of fiduciary duty.  Nevertheless, because the Defendants allegedly promised Sobran substantial participation and involved Sobran in conference calls, only for him later to realize his services were only minimally required, and because he allegedly suffered a financial detriment from his devotion to the Defendants' efforts instead of seeking other legal business,

[2]

Sobran has alleged a cause for promissory estoppel.  Sobran's other claims lack merit.

The Court thus **GRANTS** in part and **DENIES** in part the Defendants' motions to dismiss, ECF Nos. 79, 82, 83.  The Court **GRANTS** the Defendants' motions to dismiss count I (breach of contract), count III (quantum meruit), count IV (breach of fiduciary duty).  The Court **DENIES** the motions to dismiss count II (promissory estoppel).

**SO ORDERED.**

/s/ William G. Young<br>
WILLIAM G. YOUNG<br>
DISTRICT JUDGE

[3]